FILED
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUN 21 2004

Norman H. Meyer, Jr.
Acting Clerk of Court

SANDI GUTIERREZ,

Plaintiff,

v.

Civ. No. 03-0759 BB/RLP

TOWN OF LOGAN, PAUL HARE,
Chief of Police of Logan, GREG
GREENLEE, Logan Police Officer,

Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendants' Motion for Stay of Proceedings. The stay is requested under the Soldiers' and Sailors' Civil Relief Act (the "Act"), 50 U.S.C.App. § 501, *et seq*. Plaintiff filed her action on June 23, 2003 and alleged violations of 42 U.S.C. § 1983. Paul Hare and Greg Greenlee were employed by the Town of Logan at the time the events in question took place. Both individuals are now in active duty overseas. Defendant Greenlee has been served with process and is represented by counsel. Paul Hare has not been served with process and so the Motion and this Order do not apply to him as he is not a party to this action.

On December 2, 2003 Defendants moved for a stay of proceedings pursuant to the Act. *See* Docket 9. The court granted the stay on January 8, 2004 and the stay ran until April 16, 2004. *See* Docket 17. The court's Order requested an update at the end of the stay, which was provided to the court on April 20, 2004. *See* Exhibit B to Defendants Memorandum in Support of Motion for Stay [Doc. 21]. Defendant Greenlee remains in Iraq and is not expected to return until 2005.

24

Defendants have renewed their request for a stay and Plaintiff objects to any stay as against the Town of Logan. The Act provides in pertinent part that an action shall be stayed "unless, in the opinion of the court, the ability . . . of the defendant to conduct his defense is not materially affected by reason of his military service." § 521. Plaintiff urges that the Town of Logan may not benefit from this provision. Defendant Town argues that a determination of its liability is dependent on the conduct of Defendant Greenlee and Mr. Hare.

Briefly stated, municipal liability depends on whether there existed a policy or custom that caused the plaintiff's constitutional injury. *Trigalet v. City of Tulsa, Oklahoma*, 239 F.3d 1150, 1154 (10th Cir. 2001) (citation omitted). "[M]unicipal liability under § 1983 attaches where--and only where--a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Melton v. City of Oklahoma*, 879 F.2d 706, 723 (10th Cir. 1989) (citation omitted). First and foremost there must be identification of the violation of a constitutional right. *Id.* In this case it is alleged that Defendant Greenlee violated Plaintiff's constitutional rights and those violations were due to policies implemented by the Town and Mr. Hare as Chief of Police. If no constitutional violations are found, then the Town cannot be held liable under § 1983.

Without the testimony of Defendant Greenlee and Mr. Hare, many elements of Plaintiff's case cannot be proven and the Town's and Defendant Greenlee's defenses cannot be established. Nevertheless, the court finds that certain discovery should go forward.

Defendant Greenlee is not expected to return to this country until some time in 2005. By that time, witnesses may not be able to be located. The court finds that discovery of fact witnesses and discovery of matters concerning policy, custom, and procedure should go forward. The parties are instructed to advise the court when this discovery has been completed and advise the court of the status of Defendant Greenlee and Mr. Hare to the extent known.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge